# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| In re: KASHEIMER, DANIEL D. | § | Case No. 10-75816 |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on November 24, 2010.  The undersigned trustee was appointed on February 28, 2011.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554  An individual estate property record and report showing the disposition of all property of the estate is attached as  **Exhibit A.**

4.  The trustee realized the gross receipts of           $_____100,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 26,201.12 |
| Administrative expenses | 34,030.43 |
| Bank service fees | 0.00 |
| Other payments to creditors | 416.67 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 15,000.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 24,351.78 |

The remaining funds are available for distribution.

5.  Attached as  **Exhibit B**  is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.   The deadline for filing  non-governmental claims in this case was 05/10/2011 and the deadline for filing governmental claims was 05/10/2011.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as  **Exhibit C** .

7. The Trustee's proposed distribution is attached as  **Exhibit D** .

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $7,500.00.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $7,500.00, for a total compensation of $7,500.00. [2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of   $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00. [2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/17/2011            By: /s/ JAMES E. STEVENS
                                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

Case Number:  10-75816

Case Name:  KASHEIMER, DANIEL D.

Period Ending: 10/17/11

Trustee:  (330420)  JAMES E. STEVENS

Filed (f) or Converted (c):  11/24/10 (f)

§341(a) Meeting Date:  12/27/10

Claims Bar Date:  05/10/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Checking account-Chase Bank<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 150.00 | 0.00 | DA | 0.00 | FA |
| 2 | Checking account-Harris Bank<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 150.00 | 0.00 | DA | 0.00 | FA |
| 3 | Miscellaneous household goods &<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 1,500.00 | 0.00 | DA | 0.00 | FA |
| 4 | Necessary wearing apparel-debtor's possession<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 350.00 | 0.00 | DA | 0.00 | FA |
| 5 | Term life insurance policy 100% payable to depen<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 1.00 | 0.00 | DA | 0.00 | FA |
| 6 | Term life insurance policy-Union Labor; 100% pay<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 1.00 | 0.00 | DA | 0.00 | FA |
| 7 | Union pension; defined benefit-no cash value<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 0.00 | 0.00 | DA | 0.00 | FA |
| 8 | Union retirement annuity<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | Unknown | 0.00 | DA | 0.00 | FA |
| 9 | Pending personal injury claim<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | Unknown | 0.00 | DA | 100,000.00 | FA |
| 10 | 2005 Ford Escape subject to lien of Citizens Aut<br>  Orig. Asset Memo: Imported from original petition<br>  Doc# 1 | 6,500.00 | 0.00 | DA | 0.00 | FA |
| 10 | **Assets**    **Totals** (Excluding unknown values) | **$8,652.00** | **$0.00** | | **$100,000.00** | **$0.00** |

Exhibit A

Page:  2

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: 10-75816 | Trustee:    (330420)    JAMES E. STEVENS |
| Case Name:   KASHEIMER, DANIEL D. | Filed (f) or Converted (c): 11/24/10 (f) |
| | §341(a) Meeting Date:    12/27/10 |
| Period Ending: 10/17/11 | Claims Bar Date:    05/10/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property)<br><br>Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Major Activities Affecting Case Closing:**

Initial Projected Date Of Final Report (TFR):        December 31, 2011        Current Projected Date Of Final Report (TFR):        October 17, 2011  (Actual)

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case Number:** | 10-75816 | |
| **Case Name:** | KASHEIMER, DANIEL D. | |
| | | |
| **Taxpayer ID #:** | **-***4510 | |
| **Period Ending:** | 10/17/11 | |

| | |
|---|---|
| **Trustee:** | JAMES E. STEVENS (330420) |
| **Bank Name:** | The Bank of New York Mellon |
| **Account:** | 9200-******96-66 - Checking Account |
| **Blanket Bond:** | $372,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| 10/12/11 | | Caldwell, Berner and Caldwell | personal injury settlement | | | 24,351.78 | | 24,351.78 |
| | {9} | | settlement amount | 100,000.00 | 1142-000 | | | 24,351.78 |
| | | | attorney's fee | -33,333.33 | 3210-600 | | | 24,351.78 |
| | | | advanced costs<br>regarding lawsuit | -697.10 | 3220-610 | | | 24,351.78 |
| | | | payment on medical lien<br>to Illinois Pain Institute | -416.67 | 4220-000 | | | 24,351.78 |
| | | | Debtor's personal injury<br>exemption | -15,000.00 | 8100-002 | | | 24,351.78 |
| | | | Chicago Reg Counsel of<br>Carpenters Lien | -22,867.79 | 4220-000 | | | 24,351.78 |
| | | | American Family<br>Insurance Subro Lien | -3,333.33 | 4220-000 | | | 24,351.78 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | 24,351.78 | 0.00 | **$24,351.78** |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 24,351.78 | 0.00 | |
| Less: Payments to Debtors | | 15,000.00 | |
| **NET Receipts / Disbursements** | **$24,351.78** | **$-15,000.00** | |

| | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # 9200-******96-66** | 24,351.78 | -15,000.00 | 24,351.78 |
| | $24,351.78 | $0.00 | $24,351.78 |

Printed:  10/17/11 10:40 AM

# Claims Distribution Register

Page:  1

## Case:  10-75816   KASHEIMER, DANIEL D.

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---------|------|-----|--------------------------------------|--------------|----------------|--------------|---------------|------------------|
| **Admin Ch.  7 Claims:** | | | | | | | | |
| | 11/24/10 | 200 | Barrick, Switzer Law Firm<br>6833 Stalter Drive<br>Rockford, IL 61108<br><3110-00   Attorney for Trustee Fees (Trustee Firm)> | 2,591.00 | 2,591.00 | 0.00 | 2,591.00 | 2,591.00 |
| | 11/24/10 | 200 | JAMES E. STEVENS<br>6833 Stalter Drive<br>Rockford, IL 61108<br><2100-00   Trustee Compensation> | 7,500.00 | 7,500.00 | 0.00 | 7,500.00 | 7,500.00 |
| | | | **Total for Priority 200:   100% Paid** | **$10,091.00** | **$10,091.00** | **$0.00** | **$10,091.00** | **$10,091.00** |
| | | | **Total for Admin Ch.  7 Claims:** | **$10,091.00** | **$10,091.00** | **$0.00** | **$10,091.00** | **$10,091.00** |
| **Unsecured Claims:** | | | | | | | | |
| 1 | 02/16/11 | 610 | American InfoSource LP<br>as agent for WFNNB<br>PO Box 248872<br>Oklahoma City, OK 73124-8872<br><7100-00   General Unsecured § 726(a)(2)> | 2,864.11 | 2,864.11 | 0.00 | 2,864.11 | 640.17 |
| 2 | 02/22/11 | 610 | Dyck-O'Neal Inc<br>POB 13370<br>Arlington, TX 76094<br><7100-00   General Unsecured § 726(a)(2)> | 40,011.12 | 40,011.12 | 0.00 | 40,011.12 | 8,942.89 |
| 3 | 02/25/11 | 610 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083<br><7100-00   General Unsecured § 726(a)(2)> | 592.88 | 592.88 | 0.00 | 592.88 | 132.51 |
| 4 | 02/28/11 | 610 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br><7100-00   General Unsecured § 726(a)(2)> | 8,077.14 | 8,077.14 | 0.00 | 8,077.14 | 1,805.32 |
| 5 | 02/28/11 | 610 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br><7100-00   General Unsecured § 726(a)(2)> | 4,752.52 | 4,752.52 | 0.00 | 4,752.52 | 1,062.24 |
| 6 | 02/28/11 | 610 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br><7100-00   General Unsecured § 726(a)(2)> | 7,505.93 | 7,505.93 | 0.00 | 7,505.93 | 1,677.65 |
| | | | **Total for Priority 610:   22.35102% Paid** | **$63,803.70** | **$63,803.70** | **$0.00** | **$63,803.70** | **$14,260.78** |
| | | | **Total for Unsecured Claims:** | **$63,803.70** | **$63,803.70** | **$0.00** | **$63,803.70** | **$14,260.78** |
| | | | **Total for Case :** | **$73,894.70** | **$73,894.70** | **$0.00** | **$73,894.70** | **$24,351.78** |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-75816
Case Name: KASHEIMER, DANIEL D.
Trustee Name: JAMES E. STEVENS

**Balance on hand:**                    $            24,351.78

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|----------------|-------------------------|--------------------------|------------------|
| None      |          |                |                         |                          |                  |

Total to be paid to secured creditors:   $            0.00
Remaining balance:                       $            24,351.78

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| Trustee, Fees - JAMES E. STEVENS | 7,500.00 | 0.00 | 7,500.00 |
| Attorney for Trustee, Fees - Barrick, Switzer Law Firm | 2,591.00 | 0.00 | 2,591.00 |

Total to be paid for chapter 7 administration expenses:   $            10,091.00
Remaining balance:                                        $            14,260.78

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| None             |                 |                          |                  |

Total to be paid for prior chapter administrative expenses:   $            0.00
Remaining balance:                                            $            14,260.78

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|----------|----------|-------------------------|--------------------------|------------------|
| None     |          |                         |                          |                  |

Total to be paid for priority claims:   $            0.00
Remaining balance:                       $            14,260.78

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $63,803.70 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 22.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American InfoSource LP | 2,864.11 | 0.00 | 640.17 |
| 2 | Dyck-O'Neal Inc | 40,011.12 | 0.00 | 8,942.89 |
| 3 | Capital One Bank (USA), N.A. | 592.88 | 0.00 | 132.51 |
| 4 | Chase Bank USA, N.A. | 8,077.14 | 0.00 | 1,805.32 |
| 5 | Chase Bank USA, N.A. | 4,752.52 | 0.00 | 1,062.24 |
| 6 | Chase Bank USA, N.A. | 7,505.93 | 0.00 | 1,677.65 |

Total to be paid for timely general unsecured claims: $ 14,260.78
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**